PARTLOW *et al.*
*vs*
LAWSON.

MOTION.

Case 23.

## Partlow *et al. vs* Lawson.

ERROR TO THE MEADE CIRCUIT.

*Motions.    Jurisdiction.    Damages.*

September 25.

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The case stated and judgment of the Circuit Court.

ON a single motion in the Circuit Court against a constable and his sureties, for a statutory judgment on account of his failure to return, within thirty days from the return day thereof, three several executions of *fi. fa.* for different debts, each less than $50, and which had been issued in favor of the plaintiff in the motion, by a Justice of the Peace, and delivered to the said officer, there was an abatement as to some by a proper return of "not found," and a judgment against the others for the aggregate amount of the three executions at the date of the judgment, and thirty per cent damages thereon.

That judgment, being brought up for revision, must be reversed on three grounds:

The per centage for which an officer is liable for failing to return an execution is to be calculated on the amount due on the execution at the date when the liability is incurred.

1. As hitherto decided, more than once, by this Court, the amount due and collectable on an execution, when the officer's statutory liability to damages for not returning it first accrues, and the per centage *thereon* denounced as a penalty, constitute the utmost sum which can be recovered on motion: and a larger sum has been adjudged in this case.

The remedy for failure to return several executions is several and exclusive, two or more liabilities cannot be consolidated to give the Circuit Court jurisdiction.

2. The remedy for failing to return every execution is several and exclusive, and the consolidation of the three executions in one motion, could not give to the Circuit Court jurisdiction if otherwise that Court had no right to take cognizance of the case: *Harris* vs *Smith*, 7 *Mon.* 312.

3. Prior to the enactment of the statute of 1835, (*Sess. Acts*, 302,) a constable·was liable on motion to only *ten* per cent damages for failing to return an execution within the prescribed period; but this latter act denounces a penalty of *thirty* per cent "*recoverable before a Justice of the Peace*," with right to appeal to the Circuit Court whenever the amount of the execution exceeds five pounds. Moreover, the time allowed for returning an execution, by the act of 1835, is extended from *twenty* days (as fixed by former enactments) to *thirty* days. It seems to us, therefore, that the act of 1835 constructively repealed all prior enactments as to the penalty, and that, as it gives jurisdiction only to Justices of the Peace to adjudge the penalty, the Circuit Court was not intended to exercise any concurrent jurisdiction in such a case and that, therefore, the original jurisdiction, in all such cases against constables, should now be deemed to be exclusively vested in Justices of the Peace.

The judgment of the Circuit Court is, therefore, reversed, and the case remanded with instructions to dismiss the motion.

*Morehead & Reed* for plaintiffs; *Todd* for defendants.

FRANKLIN INS.
COMPANY
*vs*
DRAKE.

The statute of 1835 (Ses. Acts 302,) constructively repeals all prior enactments denouncing penalties against constables for failing to return executions, and Justices of the Peace alone have original jurisdiction in all such cases—right of appeal to the Circuit Court exists where the amount exceeds £5.