Patton *vs.* Sims.    Motion.

ERROR TO NICHOLAS CIRCUIT.    Case 17.

Judge MARSHALL delivered the opinion of the court.    December 24.

1. By the eighth article of the twenty-seventh section of the Revised Statutes, p. 219, jurisdiction is conferred on the circuit courts to hear and determine motions against constables for failing to pay over moneys collected by them, and several sums under five pounds may be united with others which, separately, exceed five pounds. (2 *B. Monroe*, 46.) The second section of the sixteenth article, same chapter, gives jurisdiction to the quarterly courts to hear proceedings against constables for defalcation in office. The second section of the twenty-fourth article gives justices of the peace jurisdiction of motions against constables for failing to make proper returns. The second section of the fourth article of the nineteenth chapter of the Revised Statutes, p. 187, gives the motion only for money collected, which the constable fails to pay on demand. The second sub-section, same article, permits the recovery of interest from the time of demand, and ten per cent.

2. Upon rendering judgment on a motion against a constable for failing to pay over moneys collected, no judgment exceeding the amount of the demands, and legal interest, can be given, unless a demand be alleged and proved or admitted.

Sims had a notice served upon Patton, informing    Case stated.
him that whereas certain specified notes had been received by him as constable for collection, and the whole amount actually collected, and which, though requested, he had failed to pay to Sims, he would on a designated day, move the Nicholas circuit court for a judgment against said Patton for the amount so collected, with interest thereon from the 25th of December, 1851, (the time when it ought to have been paid,) at the rate of fifteen per cent. per annum until paid, and for the costs of the motion. The notice was duly served, and the defendant having failed to appear, a judgment was rendered against him, by default and without evidence, for the sum of $164 74 cents, with interest from the date of the judgment, and costs. And Patton prosecutes a writ of error. It is contended that the circuit court had no jurisdiction of the motion, that none of the demands stated in the notice amount to fifty dollars, and some of them are below five pounds, and that they could not

be united so as to give the circuit court jurisdiction, by reason of the aggregate demand being over fifty dollars, even if that court could take jurisdiction of a motion against a constable for failing to pay over money collected. The demand of fifteen per cent. interest would seem to indicate that the motion was made under the act of 1835, (3 *Stat. Law,*) which has been construed as giving exclusive jurisdiction of such motions to justices of the peace. But that statute is repealed by the act adopting the Revised Statutes. And as the defendant did not appear, that statute could not be applied to the case by virtue of the third section of the act adopting the Revised Statutes, (*Revised Statutes*, 127.) Nor, indeed, does it appear that the judgment was rendered according to the act of 1835. And if it had been, that would not have affected the question of jurisdiction, which must be decided by the Revised Statutes, which were in force when the motion was instituted.

1. By the eighth article of the twenty-seventh chapter of the Revised Statutes, p. 219, declares that the circuit court has jurisdiction of all matters both in law and equity, within its county, of which jurisdiction is not by law exclusively delegated to some other tribunal. This language is broad enough to confer jurisdiction over the present motion, and must be allowed to have that effect unless exclusive jurisdiction is conferred on some other tribunal. This we do not find to have been done. The second section of the sixteenth article of the same chapter gives jurisdiction to the quarterly court in proceedings against constables for defalcation in office. And the second section of article twenty-four, in the same chapter, gives to justices of the peace jurisdiction of motions against constables for failing to make proper returns, or to pay over money collected on process. But the jurisdiction in neither case is not declared to be exclusive, and the latter section does not embrace the subject of the present motion. We are of opinion, therefore, that the court had jurisdiction. And even if it

1. By the eighth article of the twenty-seventh section of the Revised Statutes, p. 219, jurisdiction is conferred on the circuit courts to hear and determine motions against constables for failing to pay over moneys collected by them, and several sums under five pounds may be united with others which, separately, exceed five pounds. (2 *B. Monroe*, 46.) The second section of the sixteenth article, same chapter, gives jurisdiction to the quar-

PATTON
*vs.*
SIMS.

might not have taken cognizance separately of those sums which were under five pounds, they might be united with other which separately exceeded five pounds. (*Partlow* v. *Lawson*, 2 *B. Mon.* 46.) But the second section of the fourth article of the nineteenth chapter of the Revised Statutes, relating to constables, (page 187,) by which this motion is to be tested, gives the motion only for money collected, and which the constable, on demand, fails to pay over. And the second sub-section of the same article entitles the plaintiff to recover the amount collected, and interest from the time of demand and neglect to pay, and ten per cent. damages thereon, and the costs. And in fact the act of 1835, though less explicit, is in substance the same, except as to the rate of interest.

The judgment in this case is for a larger amount than the aggregate of the several sums taken into the estimate, with the simple interest thereon at six per cent. per annum, and must have been made up by compounding the interest at the day named in the notice, when the amount ought to have been paid, or at some other day, and charging interest upon the aggregate from that time at the rate of fifteen per cent. per annum, or by charging six per cent. interest and also ten per cent. damages. If the judgment made up in either way could be authorized by the mere statements of the notice, without proof, which we do not decide, we are of opinion that the statements of this notice are not sufficient to authorize any judgment exceeding the amount of the several demands, with interest at six per cent. up to the date of the judgment. Because, by the statute, interest upon the aggregate amount which ought to have been paid over is only given from the time of demand. And although the notice demands interest from the 25th of December, 1851, as the day when the amount should have been paid over, it does not state that there had been any demand on or before that day. The statement, apparently incidental, that the 25th of December was the day when the money should have been paid over,

terly courts to hear proceedings against constables for defalcation in office. The second section of the twenty-fourth article gives justices of the peace jurisdiction of motions against constables for failing to make proper returns. The second section of the fourth article of the nineteenth chapter of the Revised Statutes, p. 187, gives the motion only for money collected, which the constable fails to pay on demand. The second sub-section, same article, permits the recovery of interest from the time of demand, and ten per cent.

2. Upon rendering judgment on a motion against a constable for failing to pay over moneys collected, no judgment exceeding the amount of the demand, and legal interest, can be given, unless a demand be alleged and proved or admitted.

is nothing more than a legal conclusion from a fact not stated, and its propriety is not shown, and cannot be tested by any thing in the notice, which does not even state that the amount was collected by the defendant before the day named.

On this ground the notice, without proof, is deemed insufficient to authorize and sustain the judgment, wherefore the judgment is reversed, and the case remanded with direction to dismiss the motion without prejudice.

*Dulin*, for plaintiff; *Metcalfe*, for defendant.

---

ORD. PET.